JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN TURNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRAILER BRIDGE, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 2:24-cv-01671-FLA (SKx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

## RULING

On January 29, 2024, Plaintiff Kevin Turner ("Plaintiff") initiated this action against Defendant Trailer Bridge, Inc. ("Defendant"), in the Los Angeles County Superior Court. Dkt. 1-1 at 6. The Complaint asserts three state-law claims for: (1) wrongful termination in violation of public policy; (2) violation of California Labor Code § 1102.5; and (3) violation of California Government Code § 12940(h), the Fair Employment and Housing Act ("FEHA"). *Id.* On February 29, 2024, Defendant removed the action to this court alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. 1.

On May 16, 2024, the court notified the parties it had reviewed the allegations in the Notice of Removal and was unable to conclude it had subject matter jurisdiction

under 28 U.S.C. § 1332(a), as the allegations stated were insufficient to establish the requisite amount in controversy by a preponderance of the evidence. Dkt. 23. The court, therefore, ordered the parties to show cause ("OSC") why the action should not be remanded to the Los Angeles County Superior Court. *Id.* Defendant filed its response on May 30, 2024. Dkt. 25.

Having reviewed the Notice of Removal and Defendant's response to the OSC, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence. The court, therefore, REMANDS the action to the Los Angeles County Superior Court.

## **DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

///

2

1   A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

In its response to the OSC, Defendant contends the amount in controversy exceeds the jurisdictional minimum based on: (1) Plaintiff's potential lost wages and earnings; (2) Plaintiff's claim for emotional distress; and (3) Plaintiff's initial settlement demand of $120,000, and because the parties agree Defendant's potential liability for Plaintiff's individual claims, if proven, exceeds $75,000. Dkt. 25 at 3–7. The court will address each basis in turn.

### A. Lost Wages

First, Defendant states Plaintiff earned approximately $770 per week during his employment, plus benefits. Dkt. 25 at 4. According to Defendant, because Plaintiff has not been able to find employment since his termination, $20,020 is at issue with respect to Plaintiff's claim for lost wages, not including the value of lost benefits or overtime. *Id.* at 4 & n. 1. Defendant further argues that "[i]f Plaintiff continues to struggle to find employment through the beginning of trial, Plaintiff may be seeking a total of approximately 80 weeks of lost wages, or approximately **$61,600**, not including the value of overtime and employment benefits." *Id.* at 4–5 (emphasis in original).

/ / /

Many courts in this district have declined to project future lost wages beyond the date of removal. *See Ramirez v. Builder Servs. Grp.*, Case No. 5:22-cv-01571-JGB (KKx), 2023 WL 115561, at *4 (C.D. Cal. Jan. 5, 2023) (collecting cases). The court agrees with *Ramirez* and declines to project lost wages through the trial date in this action. Based upon Defendant's estimate of $770 in lost wages per week, Plaintiff's total lost wages would come to $10,010, as of February 29, 2024, when Defendant removed the action to this court. *See* Dkt. 1. Accordingly, the court will consider only $10,010 in lost wages to be at issue in determining the amount in controversy.

### B. Emotional Distress

Second, Defendant contends up to $500,000 in emotional distress damages are at issue because, "[i]f a jury finds that Plaintiff is entitled to emotional distress damages, garden-variety emotional distress damages for retaliation claims can range from **$0 to $500,000** (or more)." Dkt. 25 at 6 (emphasis in original).

"While settlements and jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (holding district courts may consider emotional distress damage awards in similar cases). Courts need not consider a party's estimate of emotional distress damages in determining the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015).

Here, Defendant fails in its burden. Although Defendant cites cases with substantial awards for emotional damages, Defendant fails to describe how the facts of those cases are similar to the facts at hand. *See Rybalnik v. Williams Lea Inc.*, Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4,

2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence) how the facts in those cases compare to the facts presented here is entirely insufficient to meet [the] burden to establish the amount in controversy by a preponderance of the evidence."). Accordingly, the court finds Defendant has not established by a preponderance of the evidence that any amount of emotional distress damages are at issue here.

### C. Plaintiff's Initial Settlement Demand

Third, Defendant argues the amount in controversy is established by Plaintiff's initial settlement demand of $120,000, and because the parties agree Defendant's potential liability for Plaintiff's individual claims, if proven, exceeds $75,000. Dkt. 25 at 6–7, Ex. B. Defendant cites *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002), to argue that the Ninth Circuit has held "a single letter from the plaintiff demanding $100,000 to settle the dispute [is] sufficient to establish that the amount in controversy exceeded the jurisdictional minimum." *Id.* at 6. In *Cohn*, 281 F.3d at 840, the Ninth Circuit held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn* does not stand for the proposition that a plaintiff's initial settlement demand is *per se* sufficient to establish the amount in controversy. To the contrary, courts have recognized that "[a] plaintiff's damage estimate will not establish the amount in controversy … if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. W., Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted).

Defendant does not offer any facts or evidence to establish that Plaintiff's $120,000 initial settlement offer reflects a reasonable estimate of his claims, and is not merely a "bold optimistic prediction." *See* Dkt. 25 at 6–7. The court, therefore, finds Plaintiff's initial settlement offer is insufficient to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See Romsa*, 2014 WL 4273265, at *2 (remanding action where Plaintiff's statement of

damages did not explain how he arrived at the damages estimated); *Owens v. Westwood Coll. Inc.*, Case No. 2:13-cv-04334-CAS (FFMx), 2013 WL 4083624, at *4 (C.D. Cal. Aug. 12, 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how that figure was calculated"). The court, therefore, declines to consider Plaintiff's demand of $120,000 for the purpose of determining the amount in controversy.

Similarly, the parties' agreement that the amount in controversy exceeds $75,000 is insufficient to establish by a preponderance of the evidence that this amount reflects a reasonable estimate of Plaintiff's claims and is actually at issue. The court will not find the jurisdictional minimum is satisfied on this basis.

## **CONCLUSION**

In sum, Defendant establishes by a preponderance of the evidence only that $10,010 is at issue in this action. Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not met its burden to establish the court's subject matter jurisdiction over this action. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 24STCV02258. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: June 17, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge